Filed 10/30/13  P. v. Plater CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>RAHEEM PLATER,<br><br>　　　Defendant and Appellant. | B245616<br><br>(Los Angeles County<br>Super. Ct. No. SA077881) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Katherine Mader, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

On July 25, 2011, defendant Raheem Plater was charged with two counts of possession of unfinished money orders with the intent to defraud, and eight counts of possession of finished money orders with the intent to defraud. (Pen. Code, § 475, subds. (b), (c).) It was also alleged that he had suffered three prior prison terms within the meaning of section 667.5, subdivision (b). On September 9, 2011, following a preliminary hearing, and after being duly advised of his constitutional rights and the consequences of his plea, defendant pleaded no contest to one count of possession of a money order with intent to defraud. He also admitted one prior prison term. The remaining counts and allegations were dismissed. He was sentenced to a total of four years in state prison, execution was suspended, and defendant was placed on probation on various terms and conditions. The probation terms required defendant to cooperate with the Probation Department and comply with all the rules and regulations of the Probation Department. On November 28, 2012, after a formal violation hearing, defendant was found in violation of probation by failing to report to the Probation Department The previously suspended sentence was then imposed.

Defendant timely filed a notice of appeal.

We appointed counsel to represent defendant on appeal. On June 10, 2013, counsel filed an opening brief stating that he could not find any arguable issues for appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) On the same date, we sent a letter to counsel directing him to send the record on appeal and a copy of the opening brief to defendant. On the same date, we sent a letter to defendant inviting him to file a letter or brief raising any issues he wanted us to consider. Our letter to defendant was mailed to County Jail, defendant's last known address and was returned with the notation that defendant had been released. Defendant apparently is no longer in custody either with the Department of Corrections on in the County Jail, and there is no record of any other address.

As this appeal is from a no contest plea, and resulting probation violation hearing, we take the facts from the transcript of the preliminary hearing which is part of the record. On June 9, 2011, Hawthorne Police Officer Mark Kirunchyk effected a traffic

2

stop of a vehicle. Defendant was in the driver's seat and co-defendant Andreas David and a woman were passengers. (David is not a party to this appeal.) Officers found 10 money orders inside a shoe placed in the trunk of the car. Eight of them were for $1; two others were blank and appeared to be washed. A printer and computer were also found. Detective Bradley Jackson testified to his experience and training in anti-theft investigations and the process by which a money order may be washed. He confirmed that eight of money orders were in original form and two had been washed. He also said that typically suspects use a laser printer and computer, and print a dollar amount for the money order that was different than the original (pre-washing) amount. He also testified to a jailhouse recording of defendant and co-defendant David in which the money orders were mentioned.

The magistrate found the evidence sufficient to hold defendant over. Several appearances later, defendant pled no contest to one count, admitted one prior, was placed on probation and then eventually sentenced after he had violated probation.

We have independently reviewed the record and find not arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.


RUBIN, J.

WE CONCUR:



BIGELOW, P. J.



GRIMES, J.

3